UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-233-FDW

RANDY SAWYER,            )
                         )
            Plaintiff,   )
                         )
vs.                      )
                         )
                         )  **ORDER**
                         )
RANDY S. MULL,           )
                         )
            Defendant.   )
_____)

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A.

**I.    BACKGROUND**

Pro se Plaintiff Randy Sawyer is a North Carolina state court prisoner currently incarcerated at Craggy Correctional Center in Asheville, North Carolina. Plaintiff filed this action on October 2, 2014, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Randy Mull, the disciplinary hearing officer who presided over Plaintiff's hearing for a disciplinary infraction while Plaintiff was incarcerated at Marion Correctional Institution. Specifically, Plaintiff was charged on March 17, 2014, with a class A12 infraction for requesting and receiving illegal drugs from his mother, Billie Rollins. (Doc. No. 1 at 8). Plaintiff alleges that the basis for the infraction was "information received on March 17, 2014 by Captain Jackson from a confidential source." (Id. at 3). Plaintiff alleges that the confidential source was a recording of an inmate phone call, that Plaintiff requested the opportunity to hear the alleged phone recording but was denied, and that he never asked his mother to bring drugs into the

1

prison. Plaintiff alleges that, while he pled not guilty, he was found guilty by Defendant Mull without any evidence presented at the hearing. Plaintiff alleges that, as a result of the infraction, he "lost his minimum custody status, gain time credit days, visiting privileges (especially those related to his 77 year old mother), and other hard-earned improvements in his custody status." (Id. at 4).

Plaintiff contends that Defendant Mull violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 556 (1974) by: (1) denying Plaintiff's right to present evidence; (2) failing to provide a written statement as to evidence relied on and the reasons for the disciplinary action; (3) failing to remain impartial; (4) denying "the requested evidence that the staff solely relied upon to convict [Plaintiff] of the infraction"; (5) denying Plaintiff's request for assistance from staff at the hearing; and (6) failing to collect statements from named witnesses. (Doc. No. 1 at 2). Plaintiff seeks declaratory relief as well as compensatory damages against Defendant.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass.

Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

The Court finds that, regardless of whether Plaintiff sufficiently stated a claim for a due process violation under Wolff, Plaintiff's action must be dismissed sua sponte as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits. Plaintiff alleges that he was sanctioned with the loss of good time credit among other privileges, but Plaintiff has not shown he successfully attacked his disciplinary hearing conviction. Thus, Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or declaratory or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of

4

the disciplinary proceeding.[1]  Because awarding damages and/or declaratory or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing, his claim is barred under Heck and Edwards.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff is barred from bringing this action under Heck and Edwards, and this action will therefore be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is dismissed without prejudice.

2. The Clerk shall terminate this action.

Frank D. Whitney
Chief United States District Judge

---

[1] Moreover, under the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475 (1973), prisoners seeking the restoration of good-time credits in federal court may only do so by way of a writ of habeas corpus.